# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TROY L. MAZYCK   *

Petitioner   *

v.   *   Civil Action No. PJM-16-3229

WAYNE WEBB and   *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND   *

Respondents   *

***

## MEMORANDUM OPINION

In response to the above-entitled Petition for Writ of Habeas Corpus, Respondents assert that the petition should be dismissed as untimely. ECF 5. Petitioner has filed a Reply addressing the timeliness issue. ECF 9. No hearing is necessary to determine the issues now pending. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition is dismissed and a certificate of appealability shall not issue.

Petitioner Troy Mazyck challenges the validity of a 15 year sentence he received for violation of probation, imposed by the Circuit Court for Baltimore City on December 6, 2010. ECF 1 at pp. 1- 2. He asserts the sentence he received violates his right to due process because the sentence "has no starting date" and the court has refused to correct an illegal sentence. *Id*. at p. 6. Mazyck further alleges that his sentence was enhanced when it was changed from a concurrent sentence to a consecutive sentence. *Id*. He claims that the filing deadline for the instant petition has never expired because the state court has never ruled on three motions to

correct illegal sentence filed on September 4, 2014; October 23, 2014; and June 24, 2015. *Id*. at p. 5.

Mazyck filed an application for leave to appeal the judgment of the circuit court following the revocation of his probation. The Court of Special Appeals of Maryland denied leave to appeal on May 1, 2012 (date of the mandate). ECF 5 at Ex. 1, p. 10. The time for Mazyck to seek certiorari review in the Supreme Court expired on July 30, 2012. *See* Sup. Ct. Rule 13.1 (petition for writ of certiorari must be filed within 90 days of date of judgment). Thus, the challenged conviction became final on July 30, 2012.

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) citing *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Mazyck must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. He has established neither.

For purposes of the federal habeas filing deadline, Mazyck's conviction was final on July 30, 2012, and the one-year filing deadline expired on July 30, 2013. Properly filed post-conviction proceedings toll the filing deadline, but those proceedings must be filed before the one-year filing period expires. Since Mazyck did not file any of his motions to correct illegal sentence prior to the expiration of the one-year filing deadline, those motions did not toll the filing deadline.

Mazyck argues that the one-year filing period should begin on March 25, 2016, the date his post-conviction petition was denied, because "the state never gave [him] a chance to be heard." ECF 9 at p. 1. In addition, Mazyck claims he never received a copy of the appellate decision in his case because "his lawyer was imprisoned." *Id*. at p. 3. Neither of these assertions offers a cognizable excuse for the untimely filing of this petition as neither explains the delay. There is no cognizable basis for using the March 25, 2016 date as the operative date for the federal habeas filing deadline where, as here, the one-year filing deadline expired long before post-conviction proceedings were initiated. The petition is untimely and Mazyck is not entitled to an equitable tolling of the limitations period.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Mazyck cannot demonstrate his petition states a valid claim of the denial of a constitutional right, nor can he demonstrate that jurists of reason would find that he is entitled to equitable tolling of the statute of limitation or that the petition is otherwise timely filed. Thus, a certificate of appealability shall not issue.

For these reasons, the Court will deny and dismiss the petition and decline to issue a certificate of appealability in a separate Order to follow.

October 10, 2017

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE